RECEIVED
DEC 29 2014
AT 8:30_____M
WILLIAM T. WALSH CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Ryan WASHINGTON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civ. No. 13-0275

**OPINION**

THOMPSON, U.S.D.J.

Petitioner Ryan Washington, a federal prisoner, has filed this Motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Doc. No. 1). Respondent United States of America opposes. (Doc. No. 6). The Court has issued the Opinion below based on the parties' written submissions. For the reasons stated herein, the petition will be denied.

BACKGROUND

Petitioner and three co-defendants were convicted by jury trial in April 2003 of various federal crimes stemming from a string of armed bank robberies. *See U.S. v. Washington*, 371 Fed. App'x 340, 341 (3d Cir. 2010). Petitioner was ultimately sentenced to 444 months imprisonment, which he is currently serving. *Id.* at 343. On January 11, 2013, he filed this § 2255 petition, asserting ineffective assistance of counsel. (Doc No. 1). Although at trial Petitioner's counsel made a general motion for judgment of acquittal on all counts, Petitioner alleges that this trial lawyer was constitutionally deficient because he failed to move for a judgment of acquittal specifically on the attempted robbery charge. (*Id.* at 12-14). According to Petitioner, the evidence at trial was insufficient to support a guilty verdict on this count, and he claims that he is actually innocent of that particular crime. (*Id.* at 4-15). In addition, Petitioner

1

asserts that his appellate counsel was also constitutionally inadequate because he failed to raise the issue of insufficiency of the evidence on appeal. (*Id.* at 16-18). Petitioner seeks an evidentiary hearing exploring his claim of actual innocence. (*Id.* at. 21). In opposition, the Government asserts that Petitioner's motion is time-barred.

## DISCUSSION

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one-year statute of limitations for filing a federal petition for habeas corpus, starting from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Credible claims of actual innocence may operate as an exception to the AEDPA's statute of limitations, but only if "new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013) (internal quotations omitted). This standard is "demanding," and only overcomes the statute of limitations where "a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936. Moreover, "actual innocence means factual innocence, not mere legal insufficiency." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012).

### B. Analysis

Here, Petitioner's conviction and sentence were affirmed on direct appeal by the Third Circuit on December 13, 2007 and March 18, 2010, respectively. *See U.S. v. Goggans*, 257 Fed. App'x 515, 517 (3d Cir. 2007); *Washington*, 371 Fed. App'x at 343. He did not petition for certiorari from the Supreme Court. Thus, Petitioner's conviction became final on June 17, 2010, the date that the 90 day period for certiorari filing expired. *See Kapral v. U.S.*, 166 F.3d 565,

2

570–71 (3d Cir. 1999) (explaining that, where certiorari is not sought, judgment becomes final when the 90 day certiorari petition period expires from the entry of the Circuit's judgment). Petitioner did not mail his § 2255 motion until January 7, 2013, roughly 19 months after the statute of limitations had expired on June 17, 2011. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (for *pro se* motions, the motion is deemed filed when the prisoner puts it into the prison mail system). Therefore, Petitioner's motion is time barred unless the actual innocence exception applies.[1]

Petitioner's conviction was affirmed by the Third Circuit, which found that "there was ample evidence to support the jury's finding of guilt on each count." *Goggans*, 257 Fed. App'x at 517. Petitioner, in his present motion, has identified no new evidence to support his claim of actual innocence.[2] Rather, he appears to be asserting claims of legal insufficiency,[3] rather than factual innocence, which is required under the exception. *See Sistrunk*, 674 F.3d at 191. Petitioner has failed to identify any evidence which would cast doubt on the validity of the jury's guilty verdict and the Third Circuit's subsequent affirmance. Therefore, the actual innocence

---

[1] Plaintiff admits that the Motion is untimely, but explains that he was "misled as to when the statute of limitations began to run." (Doc. No. 1). However, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary circumstances' required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Thus, the prospect of equitable tolling is also foreclosed from Petitioner.

[2] And another review of the record by this Court again confirms that the evidence presented at trial—e.g., evidence of modus operandi, DNA, fingerprint, surveillance footage, cellular phone usage data, robbery kit, and Petitioner's watch—was sufficient to support the jury's guilty verdict on all counts.

[3] For example, Petitioner's brief claims "the evidence presented against him at trial on the attempted robbery charge clearly was insufficient and did not establish his guilt." (Doc. No. 1. at 4). The brief further asserts that the evidence presented at trial was legally insufficient to establish that Petitioner performed a "substantial step" toward the commission of the robbery. (*Id.* at 4-14).

3

exception does not apply, and Petitioner's Motion is barred by the AEDPA's statute of limitations.

Petitioner also seeks an evidentiary hearing on his claim of actual innocence. "Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the motion and the files and records of the case conclusively show that the movant is not entitled to relief." *Faines v. U.S.*, 808 F. Supp. 2d 708, 715 (D. Del. 2011) (internal citations omitted). As stated above, the record conclusively indicates that Petitioner is not entitled to relief because his motion is time-barred. Therefore, Petitioner's motion will be denied without any evidentiary hearing.

In addition, the Court will decline to issue a certificate of appealability as Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons above, Petitioner's § 2255 Motion will be denied without an evidentiary hearing.

ANNE E. THOMPSON, U.S.D.J.